UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARSHA HANNA, | : |
| | : |
| Plaintiff, | : CIVIL ACTION NO. |
| | : 3:02CV1797 (DJS) |
| v. | : |
| | : |
| CAROLE PANNOZZO, in her official capacity | : |
| as Interim Director of Human Resources for | : |
| the Bridgeport Board of Education; CITY OF | : |
| BRIDGEPORT BOARD OF EDUCATION, | : |
| | : |
| Defendants. | : OCTOBER 23, 2003 |

## ANSWER AND AFFIRMATIVE DEFENSES
## TO THE SECOND SUBSTITUTED COMPLAINT

Defendants, Carole Pannozzo and the Bridgeport Board of Education, hereby submit their Answer and Affirmative Defenses to the Second Substituted Complaint.

I.   Preliminary Statement

    1.   Paragraph One contains only legal conclusions to which no response is made or required.

    2.   Paragraph Two contains only legal conclusions to which no response is made or required.

II.  Jurisdiction

    3.   Paragraph Three contains only legal conclusions to which no response is made or required.

    4.   Paragraph Four contains only legal conclusions to which no response is made or required.

5.  Paragraph Five contains only legal conclusions to which no response is made or required.

6.  Paragraph Six contains only legal conclusions to which no response is made or required.

7.  Paragraph Seven contains only legal conclusions to which no response is made or required.

8a. Defendants admit the allegations contained in Paragraph Eight, subsection a.

8b. Defendants admit the allegations contained in Paragraph Eight, subsection b.

III. Venue

9.  Paragraph Nine contains only legal conclusions to which no response is made or required.

IV. Parties

10. Defendants admit that Plaintiff is a citizen and resident of the United States. Defendants deny the remaining allegations contained in Paragraph Ten.

11. Defendants deny they terminated the Plaintiff's employment without providing her prior notice of the reasons for her termination or a prior hearing to allow the Plaintiff the opportunity to refute such charges. Defendants admit the remaining allegations contained in Paragraph Eleven.

12. Paragraph Twelve contains only legal conclusions to which no response is made or required.

V.  Facts

13. Defendants admit the allegations contained in Paragraph Thirteen.

14. Defendants deny the allegations contained in Paragraph Fourteen.

15. Defendants deny the allegations contained in Paragraph Fifteen.

16. Defendants deny the allegations contained in Paragraph Sixteen.

17. Defendants deny the allegations contained in Paragraph Seventeen.

18. Paragraph Eighteen contains only legal conclusions to which no response is made or required.

19. Defendants admit the allegations contained in Paragraph Nineteen.

20. Defendants deny that the collective bargaining agreement entered into between the City of Bridgeport Board of Education and Local 1522, AFSCME, AFL-CIO, provides that no permanent employee shall be discharged except for just cause. Defendants admit the remaining allegations contained in Paragraph Twenty.

21. Defendants deny the allegations contained in Paragraph Twenty-one.

22. Defendants deny the allegations contained in Paragraph Twenty-two.

23. Defendants lack sufficient knowledge and information to admit or deny the allegations contained in Paragraph Twenty-three and leave the Plaintiff to her proof.

VI.  FIRST CAUSE OF ACTION

24-46. Defendants repeat and reassert their responses to Paragraphs One through Twenty-three [sic] as their responses to Paragraphs One through Twenty-three above as if fully set forth herein.

47.  Defendants deny that Plaintiff attained permanent status in the position of Clerical Specialist. The remaining allegations contained in Paragraph Forty-seven state legal conclusions to which no response is made or required.

48.  Paragraph Forty-eight contains only legal conclusions to which no response is made or required.

49.  Paragraph Forty-nine contains only legal conclusions to which no response is made or required.

50.  Paragraph Fifty contains only legal conclusions to which no response is made or required.

51.  Defendants deny the allegations contained in Paragraph Fifty-one.

52.  Defendants deny the allegations contained in Paragraph Fifty-two.

53.  Defendants deny the allegations contained in Paragraph Fifty-three.

54.  Defendants deny the allegations contained in Paragraph Fifty-four.

VII.  SECOND CAUSE OF ACTION

55-77. Defendants repeat and reassert their responses to Paragraphs One through Twenty-three [sic] as their responses to Paragraphs One through Twenty-three above as if fully set forth herein.

78.  Defendants admit the allegations contained in Paragraph Seventy-eight.

79.  Defendants admit the allegations contained in Paragraph Seventy-nine.

80.  Defendants deny the allegations contained in Paragraph Eighty.

81. Defendants admit that on or about October 6, 2000, the Plaintiff suffered a work-related injury when she fell during the course of her employment at her worksite at Black Rock School.

82. Defendants lack sufficient knowledge and information as to the allegations contained in Paragraph Eighty-two and leave Plaintiff to her proof.

83. Defendants lack sufficient knowledge and information as to the allegations contained in Paragraph Eight-three and leave Plaintiff to her proof.

84. Defendants lack sufficient knowledge and information as to the allegations contained in Paragraph Eighty-four and leave Plaintiff to her proof.

85. Defendants lack sufficient knowledge and information as to the allegations contained in Paragraph Eighty-five and leave Plaintiff to her proof.

86. Defendants admit that on May 3, 2002, Plaintiff forwarded three notes from physicians regarding her work capacity to the City of Bridgeport's Office of Labor Relations.

87. Defendants admit that Plaintiff returned to work on or about September 4, 2002. Defendants deny the remaining allegations contained in Paragraph Eighty-seven.

88. Defendants lack sufficient knowledge and information as to the allegations contained in Paragraph Eighty-eight and leave Plaintiff to her proof.

89. Defendants lack sufficient knowledge and information as to the allegations contained in Paragraph Eighty-nine and leave Plaintiff to her proof.

90. Defendants admit that Plaintiff returned to work on or about September 4, 2002. Defendant further admits that Plaintiff provided statements from two doctors dated August 2002

5

indicating that Plaintiff was released to return to work with no work-related restrictions. The remaining allegations contained in Paragraph Ninety are denied.

91. Defendants lack sufficient knowledge and information as to the allegations contained in Paragraph Ninety-one and leave Plaintiff to her proof.

92. Defendants admit the Plaintiff returned to work on or about September 4, 2002 after providing medical documentation indicating that Complainant was able to return to work with no restrictions. The remaining allegations contained in Paragraph Ninety-two are denied.

93. Defendants admit that Plaintiff presented a letter to her supervisor dated September 27, 2002 from Dr. Z.A. Adefuin which indicated that Plaintiff was to avoid climbing stairs and limit her walking to short distances.

94. Defendants admit that Plaintiff presented the September 27th letter from Dr. Z.A. Adefuin to school officials. Defendants deny the remaining allegations contained in Paragraph Ninety-four.

95. Defendants deny the allegations contained in Paragraph Ninety-five.

96. Defendants deny the allegations contained in Paragraph Ninety-six.

97. Defendants deny the allegations contained in Paragraph Ninety-seven.

98. Defendants deny the allegations contained in Paragraph Ninety-eight.

99. Defendants deny the allegations contained in Paragraph Ninety-nine.

100. Defendants deny the allegations contained in Paragraph One Hundred.

101. Defendants deny the allegations contained in Paragraph One Hundred One.

102. Defendants deny the allegations contained in Paragraph One Hundred Two.

103. Defendants deny the allegations contained in Paragraph One Hundred Three.

104. Defendants deny the allegations contained in Paragraph One Hundred Four.

105. Defendants deny the allegations contained in Paragraph One Hundred Five.

106. Defendants deny the allegations contained in Paragraph One Hundred Six.

107. Defendants deny the allegations contained in Paragraph One Hundred Seven.

108. Defendants deny the allegations contained in Paragraph One Hundred Eight.

109. Defendants deny the allegations contained in Paragraph One Hundred Nine.

110. Defendants deny the allegations contained in Paragraph One Hundred Ten.

111. Defendants lack sufficient knowledge and information as to the allegations contained in Paragraph One Hundred Eleven and leave Plaintiff to her proof.

VIII.   THIRD CAUSE OF ACTION

112-165. Defendants repeat and reassert their responses to Paragraphs One through Fifty-four as their responses to Paragraphs One through Fifty-four above as if fully set forth herein.

166. Defendants deny the allegations contained in Paragraph One Hundred Sixty-six.

167. Paragraph One Hundred Sixty-seven contains only legal conclusions to which no response is made or required.

168. Defendants deny the allegations contained in Paragraph One Hundred Sixty-eight.

169. Defendants deny the allegations contained in Paragraph One Hundred Sixty-nine.

AND NOW, further pleading, Defendants submit these, their Affirmative Defenses:

**FIRST AFFIRMATIVE DEFENSE TO COUNT ONE**

Plaintiff has failed to mitigate her damages.

## SECOND AFFIRMATIVE DEFENSE TO COUNT ONE

Plaintiff has failed to state a cause of action for which this Court may grant relief.

## THIRD AFFIRMATIVE DEFENSE TO COUNT ONE

Plaintiff has failed to exhaust available administrative remedies.

## FIRST AFFIRMATIVE DEFENSE TO COUNT TWO

Plaintiff has failed to mitigate her damages.

## SECOND AFFIRMATIVE DEFENSE TO COUNT TWO

Plaintiff has failed to state a cause of action for which this Court may grant relief.

## FIRST AFFIRMATIVE DEFENSE TO COUNT THREE

Plaintiff has failed to mitigate her damages.

## SECOND AFFIRMATIVE DEFENSE TO COUNT THREE

Plaintiff has failed to state a cause of action for which this Court may grant relief.

## THIRD AFFIRMATIVE DEFENSE TO COUNT THREE

Carole Pannozzo is entitled to qualified immunity from damages under § 1983.

Done at Bridgeport, Connecticut, this 23rd day of October, 2003.

_____
David J. Kelly
Durant, Nichols, Houston, Hodgson &
Cortese-Costa, PC
1057 Broad Street
Bridgeport, CT  06604
203-366-3438
Federal Bar No. ct19775
ATTORNEYS FOR DEFENDANTS

## CERTIFICATION

I hereby certify that a copy of the foregoing was caused to be served this 23rd day of October, 2003, via U. S. Mail, Certified Mail, Return Receipt Requested, to the following counsel and pro se parties of record:

Thomas W. Bucci, Esq.
Willinger, Willinger & Bucci, PC
855 Main Street
Bridgeport, CT  06604

*David J. Kelly*
David J. Kelly

P:\lit\CTC\091200\374\00036441.DOC