UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARSHA HANNA, | : | CIVIL CASE NO. |
|    Plaintiff, | : | 3:02CV1797(DJS) |
| | : | |
| VS. | : | |
| | : | |
| CAROLE PANNOZZO, in her official | : | |
| capacity as Interim Director of | : | |
| Human Resources for the Bridgeport | : | |
| Board of Education; CAROLE PANNOZZO | : | |
| in her individual personal capacity; | : | |
| and the CITY OF BRIDGEPORT | : | |
| BOARD OF EDUCATION, | : | |
|    Defendants. | : | NOVEMBER 21, 2003 |

# LOCAL RULE 56(a)2 STATEMENT

   **A. Material Facts Asserted by the Defendants**

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20. Deny; Mr. Hanna may have inquired about a transfer for the plaintiff, but there is no evidence that he made a specific request on the plaintiff's behalf for a transfer. The reference to the Pannozzo deposition at p. 27 does not support the defendants' assertion.

21. Deny. C.P. dep. pp. 30-38; M.H. dep. pp. 35-42 & 76-77.

22. Deny. The decision by Carole Pannozzo was not a "qualified" decision. C.P. dep. pp. 30-38; M.H. dep. pp. 35-42 & 76-77.

23. Admit.

24. Admit.

25. Admit.

26. Admit.

27. Admit; the State Board of Mediation and Arbitration granted a continuance of the hearing date due to the death of Marsha Hanna's father on July 22, 2003, after first refusing plaintiff's counsel's earlier request for a continuance.

28. Admit.

29. Deny.  C.P. dep. pp. 25-26.

**B. Issues of Material Fact As To Which It is Contended There Is A Genuine Issue To Be Tried[1]**

    1.    Carole Pannozzo, who was the City of Bridgeport Board of Education's interim director for human resources, terminated the plaintiff's employment without providing the plaintiff with prior notice of the reasons for her termination or some form of a hearing prior to the termination of the plaintiff's employment to allow

---

[1] The listing of material issues of fact is limited to the plaintiff's claim that her due process rights were violated by the defendant, City of Bridgeport Board of Education and the defendant, Carole Pannozzo in her official capacity as Interim Director of Human Resources for the Bridgeport Board of Education.  The defendants do not address the plaintiff claim against Pannozzo in her individual personal capacity or the claim against the City of Bridgeport Board of Education for disability discrimination in violation of the Connecticut Fair Employment Practices Act.

     the plaintiff the opportunity to respond to the reasons given by the defendants for justifying the termination of the plaintiff's employment. C.P. dep. p. 18, 25, 26, 34, 36, 37; M.H. dep. pp. 35-42 & 76-77.

2. In practice, the City of Bridgeport Board of Education, when terminating an employee's employment, does not provide the employee with either prior notice of the reasons for the termination or a hearing prior to the termination. C.P. dep. pp. 10, 11, 17, 18.

3. On October 3, 2002, the defendant, Carole Pannozzo, summarily terminated the plaintiff's employment. C.P. dep. p. 26; M.H. dep. pp. 35-42 & 76-77.

4. The plaintiff, Marsha Hanna, learned of the termination of her employment by a letter dated October 2, 2002, authored by the defendant, Carole Pannozzo, and hand-delivered to the plaintiff, without discussion on October 3, 2002. M.H. dep. pp. 35-42 & 76-77; C.P. dep. pp. 18, 34-37.

5. The defendant, City of Bridgeport Board of Education, and the defendant, Carole Pannozzo, did not provide the plaintiff with notice of the reasons for her discharge or an opportunity to be heard concerning her discharge prior to the termination of her employment. M.H. dep. pp. 35-42 & 76-77; C.P. dep. pp. 18, 34-37.

6.  The terms and conditions of the plaintiff's employment with the City of Bridgeport Board of Education are governed by a collective bargaining agreement entered into between the City of Bridgeport Board of Education and Local 1522, AFSCME, AFL-CIO, which provides that no permanent employee shall be discharged except for just cause.  Defendants' Exhibit F attached to McCarthy affidavit.

7.  The plaintiff, Marsha Hanna, had attained permanent status in her employment with the City of Bridgeport Board of Education a long time prior to the termination of her employment. M.H. dep. pp. 11. Defendants' Exhibit F attached to McCarthy affidavit.

8.  Carole Pannozzo was the final policymaking official of the City of Bridgeport Board of Education with regard to the decision to terminate the plaintiff's employment. C.P. dep. pp. 24-26.

9.  Carole Pannozzo terminated the plaintiff's employment on October 3, 2002.  It was not until June 10, 2003 that the Superintendent of Schools, Sonia Diaz, extended an unconditional offer to the plaintiff "to return to a position of clerical specialist for the Bridgeport Board of Education."  Defendants' Exhibit A attached to Pannozzo affidavit.

10. The unconditional offer made by Superintendent of Schools, Sonia Diaz, to the plaintiff "to return to a position of clerical specialist for the Bridgeport Board of Education" was only made after the plaintiff instituted the present action on October 15, 2002. (Court filing records indicate the plaintiff's complaint was filed on October 15, 2002.)

11. Contrary to the assertion made by Carole Pannozzo in her affidavit submitted with the defendants' motion for summary judgment, the termination of the plaintiff's employment was not reversed by Superintendent of Schools, Sonia Diaz. The plaintiff's loss income for the period of October 3, 2002 to September, 2003 has not been remedied.

THE PLAINTIFF – MARSHA HANNA


BY_____
Thomas W. Bucci, for
WILLINGER, WILLINGER & BUCCI, P.C.
855 Main Street
Bridgeport, CT  06604
Tel: (203) 366-3939
Fax: (203) 337-4588
Fed. Bar #ct07805

**CERTIFICATION**

      I hereby certify that a copy of the foregoing *Plaintiff's Local Rule 56(a)(2) statement* has been sent, by First Class Mail, postage prepaid, on this 21st day of November, 2003, to:

David J. Kelly, Esquire
DURANT, NICHOLS, HOUSTON, HODGSON &
CORTESE-COSTA, PC
1057 Broad Street
Bridgeport, CT 06604
Tel: 203-366-3438
Federal Bar No. ct19775

                                                  _____
                                                  Thomas W. Bucci