UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARSHA HANNA, | : |
|     Plaintiff, | :   CIVIL ACTION NO.<br>:   3:02CV1797 (DJS) |
| v. | : |
| CAROLE PANNOZZO, in her official capacity<br>as Interim Director of Human Resources for<br>the Bridgeport Board of Education; CITY OF<br>BRIDGEPORT BOARD OF EDUCATION, | : |
|     Defendants. | :   DECEMBER 8, 2003 |

## DEFENDANTS' REPLY BRIEF

Defendants, by and through their undersigned counsel, hereby submit their Reply Brief to Plaintiff's Opposition to Defendants' Motion for Summary Judgment.

At the time Defendants filed their Motion for Summary Judgment, the operative complaint in this case alleged a single cause of action under 42 U.S.C. § 1983 against the Board of Education and Carole Pannozzo, in her official capacity. As such, Plaintiff's alleged due process claim could only survive if a basis for imposing *governmental* liability under § 1983 existed. In their Motion for Summary Judgment, Defendants contend that no material issue of fact exists over whether grounds exist to impose governmental liability on Defendants and that Defendants are entitled to judgment as a matter of law on this issue. In opposing Defendants'

motion, Plaintiff has focused more on the legal authorities in support of her alleged due process protections than on the question of governmental liability.[1]

To the extent that Plaintiff has addressed the *Monell* issue raised by Defendants' motion, Plaintiff has failed to offer any evidence to refute the contention that Carole Pannozzo did not, under Connecticut law, possess final policymaking authority on personnel matters for the Bridgeport Board of Education. Instead, Plaintiff argues that the evidence showing that Ms. Pannozzo's decisions were subject to review by the Superintendent of Schools is merely a pretext to obfuscate Ms. Pannozzo's role as an individual with final policymaking authority. It is well established, however, that contentions, unsupported by evidence, are insufficient to avoid summary judgment. Furthermore, as to the contention of Plaintiff, there is nothing pre-textual about the fact that the Superintendent of Schools offered Plaintiff an opportunity for reinstatement to her former position and that Plaintiff accepted this offer and is currently employed by the Board of Education as a 10-month clerical specialist.

---

[1] Plaintiff's alleged "due process protections" are not a matter placed in issue by Defendants in their motion for summary judgment, and therefore Defendants see no need to burden the Court by responding to the many irrelevant factual and legal claims which Plaintiff asserts in her opposition papers. For purposes of this Reply Brief, it suffices that Defendants take issue with certain of the legal and factual assertions Plaintiff makes with respect to her due process protections.

The Plaintiff further asserts that the record of termination letters submitted with the affidavit of Thomas McCarthy establishes Ms. Pannozzo's role as a final policymaker for the Board of Education. In this regard, Plaintiff relies on the fact that with the exception of one letter, Carole Pannozzo, rather than the Superintendent of Schools, is copied by Mr. McCarthy on each termination letter. Apparently, Plaintiff would have the Court believe that because Mr. McCarthy copied Ms. Pannozzo rather than the Superintendent of Schools on these letters, that somehow this fact establishes that Superintendent Salcedo did not have the authority to review decisions and actions by Ms. Pannozzo to ensure conformity with Board of Education policy. Plaintiff is clearly overreaching here. The reality is that Mr. McCarthy's decision to copy Carole Pannozzo on these termination letters reflects nothing more than the fact that Ms. Pannozzo, who at the time was the interim director of human resources for the Board of Education, needed to be notified whenever a Board of Education employee was terminated from his or her employment.

Carole Pannozzo possessed and exercised a degree of discretion in the performance of her duties. Her discretion was not unreviewable, however. Under Connecticut law, Ms. Pannozzo was required to answer to the Superintendent of Schools and to the Board of Education. She clearly was not a person with final decision-making authority and therefore no basis for imposition of governmental liability in this case exists. *Anthony v. City of New York*, 339 F.3d 129, 139-40 (2nd Cir. 2003).

For the reasons set forth here and in Defendants' Motion for Summary Judgment and Memorandum of Law in support of same, Summary Judgment should be granted.

Done at Bridgeport, Connecticut, this 8th day of December, 2003.

*David J. Kelly*
David J. Kelly
Durant, Nichols, Houston, Hodgson & Cortese-Costa, PC
1057 Broad Street
Bridgeport, CT  06604
203-366-3438
Federal Bar No. ct19775
ATTORNEYS FOR DEFENDANTS

## CERTIFICATION

I hereby certify that a copy of the foregoing was caused to be served this 8th day of December, 2003, via U. S. Mail, Certified Mail, Return Receipt Requested, to the following counsel and pro se parties of record:

Thomas W. Bucci, Esq.
Willinger, Willinger & Bucci, PC
855 Main Street
Bridgeport, CT  06604

_____
David J. Kelly

P:\lit\CTC\091200\374\00037270.DOC